DAVID BAYARSKY, RESPONDENT, v. JOSEPH FELD & COMPANY, A CORPORATION, APPELLANT.

Submitted May 26, 1939—Decided September 22, 1939.

For the appellant, *William R. Vanecek* (*Eugene ·F. Frey*, of counsel).

For the respondent, *Joseph J. Weinberger.*

The opinion of the court was delivered by

PARKER, J.   The factual situation is adequately stated in the opinion of the Supreme Court, *ubi supra.* We incline to share the views of that court, except in one particular, which,

though apparently technical at first glance, nevertheless seems to be substantial as to the right of recovery by the plaintiff below, respondent here. His claim is based on a written assignment from Rebecca Feld, the widow, and naturally his rights rise no higher than hers. Examining her claim, it is found to rest solely on a resolution of the defendant company, November 4th, 1935, "that $85 per week be paid to Rebecca Feld, Samuel Feld, Rose Grossman and Gertrude Frost, upon the check of Joseph Feld & Company." The case is barren of any effective relinquishment by Samuel, Rose and Gertrude, of their rights in the weekly payment. It had been agreed in writing between the widow and children, viz.: Rebecca, Rose, Gertrude and Samuel of the first part, and Charles, Morris and Saul of the second, that Joseph Feld & Co. would "cause a resolution to be adopted * * * which shall provide that the company is to pay Rebecca Feld the sum of $85," &c. But that agreement was not carried out, as the resolution, instead of being confined to Rebecca, included the other three, as above. As a purely legal matter, therefore, Rose, Gertrude and Samuel were jointly entitled with Rebecca under the resolution as adopted; and no surrender or assignment of their rights appears. Rose and Gertrude were not even sworn as witnesses. Whatever the intent of the family settlement may have been, it was not legally carried out. The complaint counted on an alleged resolution in favor of Rebecca alone. There was no such resolution; and it was error for the trial judge to direct a verdict for the plaintiff. We think that in strictness, and on the record before him, he could properly have directed for the defendant, though a nonsuit with leave to amend would probably have been preferable. Whether relief could be had in equity need not be considered here.

The judgment must be reversed, and on the conceded facts there may as well be a final judgment for defendant in this court. *Smith* v. *Ocean Castle*, 59 *N. J. L.* 198; *Taylor* v. *Reed*, 68 *Id.* 178, 185; *Sullivan* v. *Visconti*, 68 *Id.* 543, 551; but such judgment to be without prejudice to a new action or actions at law or in equity, or both, based on the substantial rights of the parties.

Case No. 40 of the present term is a similar appeal, in a second suit for certain other monthly payments. In the court below there was a summary judgment after striking out the answer, on the theory of *res judicata*. For the reasons above stated, the same disposition will be made of the appeal in No. 40.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, PARKER, CASE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.